UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW RONALD PERRY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C13-2292-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

This case presents the Court with unusual circumstances on several accounts. First, plaintiff Matthew Roland Perry was not represented by counsel at the administrative level, and is unrepresented ("*pro se*") in the matter on this appeal.[1] Second, after filing his complaint, Mr. Perry has been completely unresponsive to three of this Court's Orders. In fact, Mr. Perry has filed nothing in this matter since his complaint was filed on December 27, 2013. For the reasons described below, the Court recommends AFFIRMING the Commissioner's final decision and

---

[1] The Court notes it is not entirely clear whether Mr. Perry may have had some assistance in drafting his complaint, given that it requests that "non-attorney representative Chaplain Gary Friedman of Seattle, Washington be permitted to continue to assist and represent him as may be necessary." Dkt. 3 at 2. That request was denied by Order of this Court on December 27, 2013. *See* Dkt. 2.

REPORT AND RECOMMENDATION - 1

DISMISSING the matter with prejudice.[2]

## BACKGROUND

Mr. Perry filed his *pro se* complaint on December 27, 2013, alleging that the ALJ's decision finding him not disabled was "prejudicial" because the ALJ (1) improperly dismissed favorable credible evidence and testimony; (2) rejected evidence presented by the Vocational Expert ("VE"); and (3) did not consider evidence supporting his mental "condition" that was not available until after his hearing. Dkt. 3 at 1-2. The Commissioner answered the complaint on February 28, 2014, and filed the administrative record on March 3, 2014. Dkt. 11, 12.

Mr. Perry failed to file an opening brief pursuant to this Court's scheduling order. *See* Dkt. 14. On April 7, 2014, the Court ordered Mr. Perry to file an opening brief by May 19, 2014, explaining (1) what the ALJ did wrong; (2) what evidence supports Mr. Perry's position; and (3) why the ALJ's error was harmful. Dkt. 15. The Court also advised Mr. Perry that if he failed to file an opening brief or show cause why he could not, his case may be dismissed. *Id.* Mr. Perry did not respond. On June 17, 2014, the Court provided an additional opportunity for Mr. Perry to respond to the Court's orders, ordering that he file a request for more time to respond to the Court's April 7, 2014 Order to Show Cause no later than July 1, 2014, and advising him that if he failed to file anything with the Court, his case would be recommended for dismissal. Dkt. 16. Mr. Perry has filed nothing since December 27, 2013.

The record shows that in June 2010, Mr. Perry applied for a period of disability, disability insurance, and supplemental security income benefits, alleging disability as of March 29, 1999. Tr. 22. The claims were denied initially and on reconsideration. The ALJ conducted a hearing

---

[2] The Court notes that despite the fact this matter is being dismissed with prejudice, Mr. Perry is not precluded from filing a new application for benefits on the basis of information he has obtained since the date of the ALJ's decision.

REPORT AND RECOMMENDATION - 2

on November 23, 2011, and found Mr. Perry not disabled.[3]  Tr. 22, 34.  In her written decision, the ALJ found Mr. Perry had no severe impairments or combination of impairments between the alleged onset date and June 10, 2010 (the date he filed his Title XVI application), but that since that date, he had severe impairments of "mood disorder (major depressive disorder vs. bipolar disorder), anxiety disorder, and borderline personality disorder."  Tr. 24-27.  The ALJ also found that though Mr. Perry had severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, the mental functional capacity to perform simple and some complex tasks, and that he would do best in a setting with no more than superficial contact with others.  Tr. 29.  Based on his RFC, the ALJ found Mr. Perry was not disabled because he could perform past relevant work as a security guard.  Tr. 33.  As the Appeals Council denied Mr. Perry's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 5-10.

**DISCUSSION**

The Court recommends dismissing this case pursuant to Fed. R. Civ. P. 41(b), because, as discussed below, Mr. Perry has failed to prosecute his case and has failed to respond to the Court's order that he present the issues and arguments he wishes the Court to review. Nevertheless, and in an abundance of caution, the Court has reviewed the case on the merits based on the Court's interpretation of the vague arguments presented in Mr. Perry's complaint, and on this basis, also recommends affirming the Commissioner and dismissing the case.

**A.    The Court's Inherent Power to Dismiss a Case for Lack of Prosecution**

"A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to

---

[3] Mr. Perry was assisted by a non-attorney witness at his hearing, but was not represented by counsel.  Tr.  41-42.

require a motion from a party." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[w]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."); *Fitzsimmons v. Gilpin*, 368 F.2d 561, 562 (9th Cir. 1966) ("The power of the court to dismiss an action for failure to prosecute with reasonable diligence is settled."). Pursuant to Fed. R. Civ. P. 41(b), dismissal under the rule operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also* Local Civil Rule (41)(b)(1).

Because dismissal is a harsh penalty, the Court must weigh five factors in determining whether dismissal with prejudice is warranted. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.*

The Court is satisfied that the failure to prosecute has caused an unreasonable delay in this case, and that the *Henderson* factors weigh in favor of dismissal. When Mr. Perry failed to comply with this Court's Scheduling Order, the Court gave him an additional 92 days to prosecute his claim or provide good cause why he should be afforded additional time. *See* Dkt. 14, Dkt. 16. Despite these opportunities, Mr. Perry has filed no explanation for his claims and has taken no action in this case since December 27, 2013. *See* Dkt. 3. For the same reasons, the first two *Henderson* factors weigh in favor of dismissal. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (T[he court's need to manage its docket] is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable

delay).

As for the third factor, the risk of prejudice to the defendant, unreasonable delay in the prosecution of a case "creates a presumption of injury to the defense." *Henderson*, 779 F.2d at 1423. The presumption is rebuttable; however, Mr. Perry has missed the opportunity by his unresponsiveness.

The fourth factor requires the Court to consider public policy, which favors the disposition of cases on their merits. Despite the policy, it is the plaintiff's duty to move the matter forward at a reasonable pace and to refrain from dilatory conduct. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal where the case had "been in the federal courts for nearly five years for no reason other than inability or unwillingness on the part of Appellants to move the matter towards resolution"). Nevertheless, in an abundance of caution, the Court has considered Mr. Perry's allegations as they are appear in his complaint, and has determined that the ALJ's decision should be affirmed. *See* Section B, *infra*.

Finally, the Court considers whether less drastic sanctions may still be available. Mr. Perry has been afforded a full and fair opportunity to be heard regarding his failure to prosecute and failure to comply with the Court's orders. As Mr. Perry has failed to file anything since December 2013, the Court no longer has any less drastic alternative available. The matter should be dismissed for a failure to prosecute and a repeated failure to follow the Court's orders.

**B.     Affirming on the Merits**

Mr. Perry's complaint alleges that the ALJ erred in finding him not disabled because the ALJ (1) improperly dismissed favorable credible evidence and testimony; (2) rejecting evidence presented by the Vocational Expert ("VE"); and (3) did not consider evidence supporting his mental "condition" that was not available until after his hearing. Dkt. 3 at 1-2. As the Court

REPORT AND RECOMMENDATION - 5

interprets the arguments, Mr. Perry attempts to resuscitate the claims he submitted to the Appeals Council in his Request for Review of the ALJ's decision, which was denied. *See* Tr. 5-10. The Court considers these arguments in turn.

    **1.** *Evidence and Testimony in the Record*

Mr. Perry's associate and mentor, Gary Friedman, assisted Mr. Perry with preparing his case at the administrative level, and served as a witness at Mr. Perry's hearing. *See* Tr. 40-79. After the ALJ's unfavorable decision, Mr. Friedman submitted a Request for Review of Hearing Decision. Tr. 262-63. Mr. Perry (through Mr. Friedman) challenged the ALJ's assignment of "little weight" to Mr. Friedman's statements. Tr. 32, 262. Mr. Friedman is considered an "other medical source," whose opinion can be rejected only upon providing germane reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2011); 20 C.F.R. §§ 404.1513(d)(4) ("Other sources include, but are not limited to [o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)"; SSR 06-03p.

    The ALJ discounted Mr. Friedman's opinion because he is "an advocate," he is "not qualified in assessing [Mr. Perry's] ability to work," his report of dizzy spells and hand tremors was inconsistent with the medical evidence and the evidence indicated his headaches were well-managed by medication, his opinion as to Mr. Perry's ability to hold a job was inconsistent with mental health records, and his opinion as to Mr. Perry's disability was inconsistent with his "active lifestyle." Tr. 32. Mr. Perry's Request for Review contends that Mr. Friedman has experience working with and rehabbing former offenders, his organization discourages people from relying on governmental programs, and he interacts with Mr. Perry often. Tr. 262-63. Though the ALJ's reasons may not have been error-free, the Court finds the ALJ provided germane reasons to discount Mr. Friedman's opinions. *See Carmickle v. Comm'r, Soc. Sec.*

REPORT AND RECOMMENDATION - 6

*Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Mr. Perry next challenges the ALJ's rejection of the opinion of Dr. Victoria McDuffee, Ph.D., stating the ALJ "either considers herself more expert than a medical doctor or is looking for pretexts on which to wrongly justify her denial." Tr. 263. Examining Dr. McDuffee completed a psychological/psychiatric evaluation on April 28, 2010. *See* Tr. 503-11. The ALJ gave this opinion "no weight" because it was inconsistent with Mr. Perry's perfect score on his mental status exam, it appeared to be based on Mr. Perry's subjective complaints which were not credible, it was inconsistent with the medical record, Mr. Perry had a secondary gain incentive to inflate his symptoms, and the opinion was not consistent with his "active lifestyle." Tr. 32 (*citing* Tr. 512, 521, 571, 742).

Where a treating or examining doctor's opinion is contradicted by that of another doctor, it may not be rejected without "specific and legitimate reasons based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *accord Andrews*, 53 F.3d at 1043. The ALJ provided two reasons to discount Dr. McDuffee's opinion which were not valid. First, it was not reasonable to discount the opinion regarding psychological impairments on the basis that Mr. Perry's cognitive abilities were intact. Second, Dr. McDuffee did not question Mr. Perry's subjective complaints and indicated she observed at least some of the impairments she documented. *See* Tr. 505-06. However, the ALJ's remaining reasons for rejecting Dr. McDuffee's opinion were specific and legitimate and based on substantial evidence. Thus, because substantial evidence supports the ALJ's valid reasons for discounting the evidence, the Court concludes any errors were harmless. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error harmless where it does not "negate the validity of the ALJ's ultimate

REPORT AND RECOMMENDATION - 7

conclusion"). The ALJ's decision should be affirmed.

### 2. *Vocational Expert Testimony*

At his November 2011 hearing, Mr. Perry testified that his migraine medication was no longer available. Tr. 74. He also testified he suffered from migraines 2-3 times per month. *Id.* The ALJ then asked the VE whether an individual who missed work 2-3 times per month could maintain competitive work. Tr. 76. The ALJ replied in the negative. *Id.* In his decision, the ALJ found Mr. Perry's headaches were non-severe because they resolved with Midrin. Tr. 25 (*citing* Tr. 415).

Mr. Perry alleges the ALJ improperly rejected evidence presented by the VE. Dkt. 1-2. His Request for Review contends the ALJ failed to consider the VE's testimony that "someone with Mr. Perry's inability to maintain steady attendance at work would make him unemployable." Tr. 263. Mr. Perry also argues that the ALJ erred because she presumed migraine medication resolved his migraine problem. Tr. 263.

The Court finds that substantial evidence supports the ALJ's finding that Mr. Perry's migraine headaches failed to meet the severity requirement at step two of the five-step evaluation process. Mr. Perry has not established any limitations associated with his migraines. Although the VE testified that missing work 2-3 times each month would preclude Mr. Perry from working, there is nothing to suggest Mr. Perry would miss a day of work every time he got a headache. The question posited to the VE by the ALJ presumes that Mr. Perry's impairments would incapacitate him several times each month. The ALJ correctly found the evidence did not support such a severe finding, and thus, did not err. Additionally, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for ... benefits." *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

### 3. *Evidence Available Post-Hearing*

Finally, Mr. Perry argues that information not available at the time of his hearing should be "allowed to be added for consideration by the Court." Dkt. 3 at 2. As the Court understands this argument, Mr. Perry contends that evidence that is not part of the administrative record; that is, not reviewed by the ALJ or the Appeals Council, warrants a remand.

The Court's review is generally limited to the pleadings and the record. *See* 42 U.S.C. § 405(g). If seeking a remand based on new evidence, Mr. Perry must show that the evidence is (1) material; and (2) there is good cause for his failure to incorporate it into the administrative record.[4] *See Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984); 42 U.S.C. § 405(g). Mr. Perry does not provide or even explain his new evidence; consequently, he has failed to show that it is material to and probative of any disabling condition during the relevant time period. He has also failed to explain why the evidence was not presented to the ALJ or Appeals Council at the administrative level, making it impossible to determine whether he had good cause not to include the evidence in the administrative record. Accordingly, the

---

[4] Sentence six of 42 U.S.C. § 405(g) provides in relevant part: "The court .... may at any time order additional evidence to be taken before the commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g). To be material, the new evidence must bear directly and substantially on the matter at issue. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). There must also be a reasonable possibility that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Sec'y of Health & Human Servs*, 734 F.2d 1378, 1380–1381 (9th Cir. 1984). The good cause requirement is satisfied when new evidence, which surfaces after the final decision subject to judicial review, could not have been obtained by a plaintiff in order to be reviewed at the time of the administrative proceeding. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (*citing Booz*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

REPORT AND RECOMMENDATION - 9

1 Court will not remand on this basis.  As noted above, however, to the extent Mr. Perry does have
2 new evidence suggesting he may be disabled, that evidence may be used to form the basis for a
3 new claim.  *See, e.g., Ward v. Schweiker*, 686 F.2d 762, 766 (9th Cir. 1982).

## CONCLUSION

For the foregoing reasons, the Court recommends AFFIRMING the Commissioner's final decision and DISMISSING the case with prejudice.  A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **July 16, 2014**.  If no objections are filed, the matter will be ready for the Court's consideration on **July 17, 2014**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 2nd day of July, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge